## YOUELL *v.* GAINES.

**Specific Performance — Defect in Title.**

In a suit to enforce a lien and thus enforcing a specific execution of a contract the plaintiff may perfect his title during the progress of the case.

**Exceptions to Sale.**

Exceptions to the sale of land must be made before the order of confirmation is entered, unless some sufficient reason for not excepting is shown.

APPEAL FROM BOONE CIRCUIT COURT.

June 25, 1866.

OPINION OF THE COURT BY JUDGE MARSHALL:

Although the title of Gaines to the two tracts of land which he had sold to Youell was not perfect when he commenced this suit for enforcing his lien and thus enforcing a specific execution of the contracts, he no doubt supposed it perfect except as to the mortgage for a comparatively small part of their value of which the vendee had notice, and in fact the defects which existed only in the title to the tract of 138 acres were not of a character to occasion much apprehension of loss. The defects, however, such as they were in fact supplied in the progress of the case, and the plaintiff having perfected his title before the final hearing, we perceive no error so far as title is concerned in either of the separate judgments enforcing the lien on the two tracts respectively.

The fact that the vendor who is the plaintiff purchased at the sales each of the two tracts for the amount of the judgment against it, which was less than half of the price at which he sold it to the defendant, and leaving still a large portion of that price unpaid and due or to become due, seems to present a case of hardship. But the orders confirming the sales had in each case been made at terms of the court many months previous to that at which the appellant moved upon his own affidavit for leave to file exceptions to each of the sales. The court had no power over the orders of confirmation nor over the sales, except under the proceedings authorized by section 579 of the Civil Code and section 373 to which it refers, and as the proceeding in this case by motion and affidavit is not that which the Code prescribes, the motion was

properly overruled, and that judgment will be affirmed. But the judgment rendered in September, 1863, for enforcing the lien on the tract of 138 acres, is in our opinion erroneous, first, in not specifying to what extent the tract was subject to the mortgage referred to in the judgment, and second, in not stating that the sale to be made under the judgment would be subject to the lien for the residue of the purchase money remaining unpaid, which should also have been stated.

What effect the correction of these errors should have upon the sale of the tract of 138 acres we do not now decide, but as the case stood when the motion to file exceptions was made in September, 1865, that motion could not have been sustained.

Wherefore, the judgment overruling said motion is affirmed, but the judgment of September, 1863, for enforcing the lien on the tract of 138 acres is reversed, and the cause is remanded, with directions to render a judgment in conformity with this opinion, which will not preclude the proceeding to vacate or modify the judgment according to the provisions of the Code.